UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AUDREY W. R., Plaintiff, v. COMMISSIONER OF SOCIAL SECURITY, Defendant. | Case No. C26-5404-MLP ORDER |

## I. INTRODUCTION

Plaintiff seeks review of the denial of her application for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends that the administrative law judge ("ALJ") erred by discounting her testimony and two medical opinions, and seeks remand for an award of benefits. (Dkt. # 8.) The Commissioner filed a response acknowledging error in the ALJ's decision, and arguing the appropriate remedy is remand for further proceedings. (Dkt. # 12.) Plaintiff filed a reply. (Dkt. # 13.) Having considered the ALJ's decision, the administrative record ("AR"), and the parties' briefing, the Court REVERSES the Commissioner's final

decision and REMANDS the matter for an award of benefits under sentence four of 42 U.S.C. § 405(g).[1]

## II. BACKGROUND

Plaintiff was born in 1994, has at least a high school education, and has no past relevant work. AR at 1768. She applied for benefits in August 2017. *Id.* at 13. Plaintiff's applications were denied initially, on reconsideration, and in a July 2019 ALJ decision. *Id.* at 13-25. Plaintiff successfully appealed to this Court, and on remand in April 2024 the ALJ again found her not disabled. *Id.* at 977-92, 1075-82. Plaintiff again successfully appealed to this Court. *Id.* at 1738, 1837-47.

Plaintiff began working at substantial gainful levels in June 2024. AR at 1741. She testified that a new therapy, transcranial magnetic stimulation, improved her conditions sufficiently that she was able to work part time. *Id.* at 1795-96. She seeks an award of benefits for a closed period from July 13, 2016, to June 2, 2024. *Id.* at 1738; dkt. # 8 at 1.

On remand, after conducting a hearing in November 2025, the ALJ issued a decision in December 2025 finding Plaintiff not disabled. AR at 1738-71. The ALJ found that, during the closed period, Plaintiff had severe impairments of post-traumatic stress disorder, bipolar disorder, attention deficit hyperactivity disorder, generalized anxiety disorder, and major depressive disorder. *Id.* at 1741. She could perform simple work, but not in a fast-paced production environment, and could occasionally interact with the public, coworkers, and supervisors but not work in a team. *Id.* at 1750-51.

As the Appeals Council did not accept review, the ALJ's decision is the Commissioner's final decision. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 1.)

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 2.)

## III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may overturn the Commissioner's denial of social security benefits if the ALJ's decision rests on legal error or is not supported by substantial evidence. *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022). Although the Court evaluates the record as a whole, it is not permitted to reweigh the evidence or substitute its judgment for that of the ALJ. *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021). The ALJ is tasked with evaluating testimony, resolving conflicts in the medical evidence, and addressing ambiguities in the record. *Smartt*, 53 F.4th at 494-95.

Remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). The Ninth Circuit has established a three-step framework for deciding whether a case may be remanded for an award of benefits: (1) the ALJ must have failed to provide legally sufficient reasons for rejecting evidence; (2) the record must be fully developed, leaving no useful purpose for further administrative proceedings; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *See Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Even if these conditions are met, the Court has the discretion to remand for further proceedings where the record as a whole creates serious doubts about a claimant's disability status. *Id.* Only in rare circumstances should a case be remanded for benefits. *See Treichler v. Colvin*, 775 F.3d 1090, 1100 (9th Cir. 2014).

## IV. DISCUSSION

The first step is satisfied, as the parties agree that the ALJ harmfully erred. Plaintiff contends the ALJ erred in rejecting her testimony, the 2017 and 2018 opinions of Alysa A. Ruddell, Ph.D., and the 2023 opinion of William R. Wilkinson, Ed.D., by largely repeating

errors that the Court identified in previous decisions. (Dkt. # 8 at 3-14.) The Commissioner concedes unspecified error. (Dkt. # 12 at 4 ("The ALJ erred here and this finding is not in dispute.").) He argues further proceedings are warranted because conflicting evidence remains concerning Plaintiff's testimony, the medical opinions, and the onset date of Plaintiff's symptoms. (*Id.* at 5-13.) Accordingly, the Court turns to the second step, considering whether relevant conflicts remain in the record.

In both opinions, Dr. Ruddell assessed Plaintiff with marked limitations in (1) adapting to changes in a routine work setting, (2) completing a normal workday and work week without interruptions from psychologically based symptoms and, additionally in July 2018, (3) setting realistic goals and planning independently. AR at 1283, 1287. In June 2023, Dr. Wilkinson assessed Plaintiff with marked limitations in maintaining punctual attendance within a schedule without special supervision, adapting to changes, maintaining appropriate behavior, and completing a normal workday and work week. *Id.* at 1292-93. Plaintiff testified to panic attacks, difficulty maintaining personal hygiene, anxiety and depression that frequently confined her to bed, and losing several jobs after short periods of employment because she became overwhelmed and could not keep up. *See id.* at 1751-52, 1754-56.

The Commissioner argues that Dr. Ruddell, Dr. Wilkinson, and other medical sources did not determine when Plaintiff's limitations began. (Dkt. # 12 at 5-6.) He points to a Review of Medical Evidence by Luci Carstens, Ph.D., for the Washington Department of Social & Health Services, which for unknown reasons proposed an onset date of July 10, 2018. AR at 1276. Dr. Carstens found that date unsupported by available medical evidence and, "[b]ased on available clinical records," concluded that Dr. Ruddell's August 2017 evaluation "represent[ed] the most appropriate onset date." *Id.* at 1277. Nothing in Dr. Carstens' report indicates Plaintiff's

conditions could not have started earlier, and the Commissioner points to no evidence in the record showing a relevant change in Plaintiff's impairments between the July 2016 alleged onset date and Dr. Ruddell's August 2017 examination. The Court concludes there is no conflict in the record with regard to onset date that needs to be reassessed on remand.

Next, the Commissioner contends there is evidence in the record that conflicts with Plaintiff's testimony, citing improvement with medication and talk therapy, instances of normal mental status findings, and Plaintiff's activities. (Dkt. # 12 at 7-10.) Two ALJs have had three opportunities to weigh the evidence in the record. The Court has previously reversed, albeit in relation to Dr. Ruddell's opinions, the ALJ's unsupported finding of improvement with treatment, unexplained weight given to normal observations over abnormal, and unsupported finding that Plaintiff's activities were inconsistent with disability. *See* AR at 1844-45. The Commissioner argues that the Court's previous holdings should not control because the evidence is now substantially different in that, with transcranial magnetic stimulation therapy, Plaintiff has improved to the point that she returned to work. (Dkt. # 12 at 8.) But this is not evidence related to the closed period at issue. The Commissioner also cites Plaintiff's improvement with such therapy, but this is entirely consistent with Plaintiff's testimony. (*Id.*) The Court rejects the Commissioner's argument that the mere existence of "some normal findings" requires remand. (Dkt. # 12 at 9.) The Commissioner asserts Plaintiff has been diagnosed with marijuana use disorder and, thus, remand may be necessary to assess whether it contributed to her symptoms (*Id.* at 10-11.) But the Commissioner points to no evidence in the record that it actually has, and marijuana use disorder has never been assessed as a severe impairment in three different ALJ decisions. AR at 16, 980, 1741. The Court concludes there is no conflict in the record with regard to Plaintiff's testimony that must be reassessed on remand.

Finally, the Commissioner argues that conflicts remain in the medical opinion evidence because non-examining state agency sources assessed milder limitations than Dr. Ruddell and Dr. Wilkinson. (Dkt. # 12 at 11.) But the ALJ found those opinions unpersuasive because they were insufficiently restrictive, a finding that is unchallenged. AR at 1760-61. The Commissioner also throws out various tidbits in the record, such as Dr. Ruddell's opinion that vocational training or services would minimize or eliminate barriers to employment, or a Global Assessment of Functioning score in the moderate range, and speculates that this evidence could undermine Dr. Ruddell's and Dr. Wilkinson's opinions. (Dkt. # 12 at 12-13.) All this information has been present in the record through multiple ALJ decisions and never deemed important enough to mention. The Court concludes that none of these are meaningful conflicts that require the ALJ's assessment on remand.

The Court concludes the second step is satisfied. The record is fully developed for a closed period that ended over two years ago and there is no useful purpose for further administrative proceedings. The third step is also satisfied, because Dr. Ruddell's and Dr. Wilkinson's opinions of Plaintiff's marked limitations in attendance and completing a normal work schedule, and Plaintiff's testimony of frequent difficulty getting out of bed, combined with vocational expert testimony that missing more than one day of work per month would preclude employment, establish that Plaintiff is disabled. *See* AR at 1800.

Finally, the Court considers whether to exercise its discretion to remand for further proceedings despite satisfaction of the three-step framework. Because the record as a whole does not create any serious doubt that Plaintiff was disabled, the Court declines to do so. Under these circumstances, granting the Commissioner a fourth opportunity to meet his burden would perpetuate the very "heads we win; tails, let's play again" disability benefits system that the

Ninth Circuit has consistently warned against. *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004). "[F]urther delays at this point would be unduly burdensome." *Trevizo v. Berryhill*, 871 F.3d 664, 682-83 (9th Cir. 2017).

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for an award of benefits under sentence four of 42 U.S.C. § 405(g).

Dated this 17th day of November, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge